UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVEREGE VERNOR DICKENS,

          Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

          Defendants.

_____/

Case No. 2:20-cv-10281

HONORABLE STEPHEN J. MURPHY, III

## **OPINION AND ORDER DISMISSING THE CASE**

Plaintiff Everege Vernor Dickens, a state inmate currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, filed a pro se complaint pursuant to 42 U.S.C. § 1983. ECF 1. He named nine Defendants: the Michigan Department of Corrections ("MDOC"), Warden Willis Chapman, Oakland County Prosecutor Jessica Cooper, assistant prosecutors Layne Sakwa, Andrew Starr, and Christopher George, and 46th District Court employees Judge Susan Moiseev, John Doe, and Jane Doe. Dickens alleged that Cooper, Sakwa, Starr, George, Judge Moiseev, and John and Jane Doe conspired to falsify court and legal documents, and that MDOC and Chapman are holding him in violation of his constitutional rights. On February 12, 2020, the Court granted Dickens's motion to proceed in forma pauperis ("IFP"). ECF 4. The Court screened Dickens's IFP complaint pursuant to 28 U.S.C. § 1915 and will dismiss the case for failure to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## BACKGROUND

Dickens was shot by Southfield police officers on June 11, 2012, while he was being arrested. ECF 1, PgID 3. His claims arose from his subsequent prosecution in the Oakland County Circuit Court for carjacking, armed robbery, fleeing and eluding, and five counts of gun charges. *Id.* Dickens claimed that Cooper, Sakwa, Starr, George, Judge Moiseev, and John and Jane Doe conspired to falsify legal documents, forged signatures, and provided false evidence and false statements to cover up what he characterized as a wrongful shooting by police. *Id.* at 4. Dickens averred that Judge Moiseev, the Judge of Record[1] in the preliminary examination underlying Dickens's allegations, made false statements and used false evidence during the preliminary examination. *Id.* at 6. He also alleged that he is being held by MDOC and Chapman in violation of his constitutional rights. *Id.* at 4. Dickens stated that he "is not challenging convictions but the jurisdiction of the state courts." *Id.* at 3.

## LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), the Court must sua sponte dismiss an IFP case before service on a defendant if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a case that seeks redress against government entities, officers, or employees

---

[1] The Court is "authorized to take judicial notice of proceedings in other courts of record[.]" *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n.5 (6th Cir. 2005) (citations and quotation omitted).

when it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). Finally, the Court must construe a pro se prisoner civil rights complaint liberally. *Dotson v. Brewer*, No.: 18-cv-10529, 2018 WL 1324741, at *1 (E.D. Mich. Mar. 25, 2018) (citing *Haines v. Kerner*, 404 U.S. 520–21 (2018)).

To state a claim on which relief may be granted, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a). The purpose of the rule is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although the notice pleading standard does not require "detailed" factual allegations, *id.*, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557). A complaint "is frivolous if it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim under § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal

Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978).

## DISCUSSION

First, judges are entitled to absolute judicial immunity on claims for money damages or injunctive relief based on official judicial actions, so long as the judicial actions were not "taken in the complete absence of all jurisdiction." *See Mireles v. Waco*, 502 U.S. 9, 9, 11–12 (1991) (per curiam); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996); *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 448 (E.D. Mich. 2006) (citing 42 U.S.C. § 1983). Dickens's claims against Judge Moiseev are based on her performance of her judicial duties, so she is absolutely immune from suit and the claims against her must be dismissed.

Second, prosecutors are likewise entitled to absolute prosecutorial immunity for any conduct relating to "initiating a prosecution and . . . presenting the [s]tate's case." *See Imbler v. Pachtman*, 424 U.S. 409, 427, 431 (1976). Absolute prosecutorial immunity exists even when a prosecutor acts wrongfully or maliciously. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989). Because Dickens's claims against Cooper, George, Sakwa, and Starrs were based on their actions as prosecutors in Dickens's criminal proceeding, they are entitled to absolute prosecutorial immunity.

Third, regardless of the form of relief requested, states and their departments are immune from suit in federal courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See* U.S. Const. Amend. XI; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984). Congress has not expressly abrogated Eleventh Amendment immunity

for § 1983 suits, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the state of Michigan has not consented to civil rights suits in federal court, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013). Because "MDOC is a state agency and the state of Michigan has not consented to civil rights suits in the federal courts, [] MDOC is entitled to Eleventh Amendment immunity." *Simms v. Mich. Dept. of Corr.*, 23 F. App'x 214, 215 (6th Cir. 2001).

Finally, Dickens failed to state a claim upon which relief may be granted against Chapman, John Doe, and Jane Doe. Dickens's only allegation against Chapman is that he is the warden of the prison holding Dickens in violation of his constitutional rights. The allegation is insufficient to provide Chapman "fair notice of what the . . . claim" against him "is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotations omitted). Dickens did not enumerate what specific constitutional rights Chapman allegedly infringed by holding him. And because Dickens failed to adequately allege any unconstitutional behavior leading to his arrest and conviction, he cannot establish that he is being held by Chapman in violation of his constitutional rights. Dickens's allegation against Chapman therefore did not establish any "active unconstitutional behavior" as is necessary for a viable § 1983 claim. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (citation omitted). Dickens's claims against Chapman will therefore be dismissed.

Dickens's allegations against the Doe Defendants are more numerous but equally insufficient. He repeatedly asserted that Doe Defendants were responsible for false statements, false evidence, and a conspiracy to cover up his shooting by

Southfield police officers. *See, e.g.*, ECF 1, PgID 4. But Dickens's allegations were mere "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. And Dickens provided no additional facts to support his conclusory claims. His claims against the Doe Defendants therefore failed to state a claim on which relief may be granted and must be dismissed.

Having conducted the review required by the PLRA, the Court will dismiss the complaint for failure to state a claim. 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Leave to appeal in forma pauperis is therefore denied. 28 U.S.C. § 1915(a)(3).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff Everege Vernor Dickens's civil rights complaint [1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 2, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 2, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager